UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

GUSTAV RYBURN,

    Plaintiff,

v.   CAUSE NO. 3:26-CV-15-HAB-AZ

LLOYD ARNOLD, WILLIAM WILSON,
BRIAN ENGLISH, KELSI WILLIAMS,
and IDOC OFFICIALS,

    Defendants.

OPINION AND ORDER

Gustav Ryburn, a prisoner without a lawyer, filed an amended complaint seeking injunctive relief "to restore his constitutionally required access to the courts." ECF 10 at 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Prisoners are entitled to access the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). However, access to the courts is limited to the "right to bring to court a grievance that the inmate wishe[s] to present[; it does not include the right] to discover grievances, and to litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354

(1996). Ryburn alleges he has been denied law library access, but there is no "abstract, freestanding right" to the law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He alleges he has been denied access to the grievance process, but the lack of a functioning grievance process does not state a constitutional claim. *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008). He says he is prohibited from dictating court filings to his friend, but his numerous, hand-written filings in this case demonstrate that does not prevent him from accessing the courts. Though writing may be slower than dictating, "a delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted).

Ryburn argues Exhibit 19 demonstrates the U.S. Department of Justice Civil Rights Division was unable to contact him. ECF 10 at 2. Exhibit 19 is an email which says:

> Dear Kristen Demarjian,
>
> You contacted the Department of Justice on December 4, 2025. Your report number is 680792-SLB. We previously received similar correspondence from you concerning this mater and we responded to that inquiry.
>
> There is nothing further we can add to our prior response and we sincerely regret that we cannot offer you further assistance concerning this matter.
>
> Sincerely,
> U.S. Department of Justice
> Civil Rights Division

ECF 10-1 at 51. Nothing in this email makes any mention of being unable to contact Ryburn.

2

Ryburn argues Exhibits 14 and 18 demonstrate staff have repeatedly "refus[ed] to send attorney correspondence, fabricat[ed] or alter[ed] mail logs, return[ed] legal mail without cause, and prevent[ed] Plaintiff from sending legal documents altogether." ECF 10 at 8. Both of those exhibits are email exchanges between Kristen Demarjian and IDOC officials. In Exhibit 14, Demarjian says Ryburn was unable to make copies, that he was put in an isolation cell, that nurses look up his lawsuits and ask him about them, that nurses steal medication from inmates, that Ryburn lost weight, that Demarjian has complained about Ryburn's medical care, that Ryburn has been threatened with physical violence, and that nurse's yell at him and refuse him medication. ECF 10-1 at 37-38. In Exhibit 18, Warden Wilson says he will investigate the issues mentioned in Ryburn's emails that were forwarded to him by Demarjian. In those emails, Ryburn alleges staff at Pendleton are under federal investigation for attempting to have him killed, that Miami staff tell inmates when he is speaking to internal affairs, that inmates sell drugs, that Pendleton staff are under federal investigation for covering up illegal activity, that staff at Miami do not do their jobs and smuggle drugs, that the American Legion membership is limited to drug sellers and users, that he is denied the ability to send legal mail and that his legal mail is being read by prison staff, that his DD-214 was mishandled, that he needs to be placed on medical idol, that he is not receiving necessary medical treatment, that inmates improperly use staff access to email and the internet, and that he needs cleaning supplies. ECF 10 at 48-49. In this laundry list of complaints, there is only a single passing reference to his legal mail and it is no

3

more specific than the amended complaint. These exhibits do not demonstrate that staff have interfered with his access to the courts.

Ryburn argues Exhibit 8 shows Kristen Demarjian has been prevented from emailing with him from November 20, 2025, to February 20, 2026. ECF 10 at 9. This is true, but his conclusion that this prevents him from accessing the courts is not true. Kristen Demarjian is not a court and the inability to communicate with her does not demonstrate that he is otherwise unable to access the courts.

Ryburn argues Exhibit 9 shows mail sent by the State appellate court was returned undeliverable because they were refused. ECF 10 at 10. The exhibit shows three pieces of mail were returned. ECF 10-1 at 24. Ryburn says he did not refuse this mail and "[t]hese manipulations did more than inconvenience him; they prevented him from participating in active litigation at all." ECF 10 at 10. It is unclear why the mail was not delivered to him, but is clear the return of these documents did not cause any prejudice to that appeal even before they were re-sent to him on November 12, 2025. ECF 10-1 at 24. The June 24, 2025, notice of case creation was returned, but that did not prevent him knowing the case had been created because he filed a motion for an extension of time the next month. ECF 10-1 at 24. The July 23, 2025, notice of defect and the July 23, 2025, notice of defect cured were returned, but neither prevented him from twice seeking and getting additional time to file a brief. *Id*.

Ryburn argues Exhibit 12 shows he missed a September 18, 2025, appointment with his attorney. ECF 10 at 10. This exhibit is a text exchange saying Ryburn was not brought to his 08:00 to 08:30 appointment. ECF 10-1 at 33. Ryburn says there were other

4

missed appointments, but he does not say when or explain how he was prejudiced by any missed appointments other than by delay.

Ryburn argues Exhibit 11 shows "that Miami Correctional Facility's internal operating procedure 02-01-103 directs staff to record attorney calls[.]" ECF 10 at 10. It does not. This exhibit is a filing by Kristen Demarjian in a State appeal filed by Ryburn. ECF 10-1 at 31. Though it says Ryburn told her the policy says to record attorney calls, this exhibit does not show such a policy exists. It merely documents that Demarjian submitted a filing in State court saying what Rayburn told her.

Ryburn asks for injunctive relief "to restore his constitutionally required access to the courts." ECF 10 at 22. However, his amended complaint does not plausibly allege facts showing that he has been denied constitutionally required access to the courts. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be

5

redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Ryburn believes he can state a claim based on (and consistent with) the events described in the amended complaint (ECF 10), he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES the motion for temporary restraining order (ECF 14);

(2) DENIES as MOOT the in forma pauperis motion (ECF 11) because Gustav Ryburn as already paid the filing fee;

(3) GRANTS Gustav Ryburn until **February 27, 2026**, to file an amended complaint; and

(4) CAUTIONS Gustav Ryburn if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 28, 2026.

                                                s/ Holly A. Brady
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT